# THE LAW OFFICE OF JEFF CHABROWE

521 Fifth Avenue, 17th Floor New York, NY 10175 | Tel. 917.529.3921| F 212.736.3910

May 18, 2026

**BY ECF**
The Honorable Sarah Netburn
United States District Magistrate Judge
Southern District of New York
40 Foley Square, Courtroom 219
New York, New York 10007

*[handwritten: Bail hearing granted. 5/11/2026 Robert W. Lehrburger, USMJ]*

> Re: *United States v. Linxin Wu*, 1:26-mj-01807-UA-1
> **Application for Release on Bail**

Dear Judge Netbaum:

I represent Mr. Linxin Wu in the above case. I request that a bail hearing be conducted in this case. Mr. Wu was arrested on May 14, 2026 and detained after a brief hearing. I request a bail hearing.

Mr. Wu is charged with two counts of Possession and Transfer of a Machinegun, under 18 U.S.C. 922(o)(1). At his initial appearance, Mr. Wu consented to detention while undersigned counsel conferred with him and learned about the circumstances charged. Based on this knowledge, Mr. Wu moves for release from detention. Mr. Wu is young man. He is an extraordinarily intelligent young man, with no criminal history, who naively engaged in several interactions with a confidential informant, seeking to exercise his special knowledge and competence.

Mr. Wu came to the United States to attend school. He found he far outpaced his peers. He left school and set up what would become a highly profitable, high-end engraving business, NYC Engravers. It has high-end clients such as Apple and Blackwater. He would be taken on employee junkets to engrave items. He also engraves high end jewelry. He indulged a personal fascination with electronic devices, taking apart phones and other items. Mr. Wu was never involved in any production of gun switches. He sent one switch to the confidential informant simply as an item of interest and then was asked to make a few more which did not work.

Under the Bail Reform Act (18 U.S.C. § 3142), the "nature and circumstances of the offense charged" and the "weight of the evidence against the defendant" are factors courts consider when deciding whether to detain a defendant pretrial or release them on conditions. A court also considers the defendant's family and community ties. *United States v. Mercedes*, 254 F.3d 433 (2d Cir. 2001). A court "has broad discretion to determine how much weight to assign the factors listed § 3142(g) based on the circumstances of a particular case." *United States v. Zhang*, 55 F.4th 141,144 (2d Cir. 2022), cited in *United States v Sierra*, 2025 US Dist LEXIS 113064, at *7-8 (WDNY June 13, 2025, No. 25-CR-6078-EAW-MJP).

A detention order may be reopened where "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f); see also *United States v. Rodriguez*, No. 15-MJ-02956, 2015 U.S. Dist. LEXIS 146075, 2015 WL 6503861, at *1 (S.D.N.Y. Oct. 26, 2015) ("[T]he hearing can be reopened if the court finds that information exists that was not known to the defendant at the time of the hearing and that has a material bearing on the issue that was decided."). The court must determine whether the new evidence has a material bearing on the issue. *Zhe Zhang, supra*, 2022 U.S. Dist. LEXIS 221906, 2022 WL 17420740, at *1. Information is material when it was relied on by the court in its initial bail determination. See *United States v Salaman*, 2024 US Dist LEXIS 43876, at *14 (D Conn Mar. 11, 2024, No. 3:22CR76(JAM)). "A court's prior detention determination is a natural reference point against which to measure the materiality of new information for the purpose of reopening the hearing - that is, revisiting its earlier decision." Id. *United States v. Zhang*, 55 F.4th at 148 41, 147 (2d Cir. 2022).

A defendant shall be detained only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."18 U.S.C. § 3142(e). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community," a court shall take into account available information concerning the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See Section 3142(g), title 18, U.S. Code.

Even where the statutory presumption for detention applies, "the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community, or by a preponderance of the evidence that the defendant presents a risk of flight." *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011). The risks must be serious and real. *United States v Nezhinskiy*, 2025 U.S. App. LEXIS 7515, at *3 (2d Cir Apr. 1, 2025, No. 25-346). Further, the weight of evidence factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt. *United States v Stone*, 608 F3d 939, 948 (6th Cir 2010); *United States v Edmonds*, 2024 US Dist LEXIS 246, at *11 (ED Ky Jan. 2, 2024, No. 5:23-CR-00131-KKC-MAS-1) (weight of the evidence pertains to the evidence of dangerousness, not guilt.

Because it is "contrary to our legal system to impose punishment for a crime that a defendant has not yet been shown to have committed," courts are cautious in affording undue weight to evidence of the government's case. See also *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985), cited in *United States v Edwards*, 2021 US Dist LEXIS 39372, at *7. 13. The power to incarcerate before trial "must be exercised with circumspection. It may be invoked only when and to the extent justified by danger which the defendant's conduct presents or by danger of significant interferences with the progress . . . of the trial." *Bitter v. United States*, 389 U.S. 15, 16 (1967), quoted in *United States v. Vitta*, 653 F Supp 320, 332 (EDNY 1986). See *United*

2

*States v. Salerno*, 481 U.S. at 750. The intent of the 1984 Bail  Reform Act was not to substantially increase pretrial detention but rather to grant judges the discretion to "deny release pending trial" of "a small but identifiable group of particularly dangerous defendants." S. Rep. No. 98-225, at 12 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3206. It was expected the majority of defendants would be released, and that detention would be necessary only for pretrial detention should be "the carefully limited exception." Id.

This case represents a prime example of the type of case that delineates those limitations. Mr. Wu has no criminal history. He has built a highly successful business from the ground up. He had not been engaging in any ongoing production of switches; the government does not allege it. These charges are possession only. Mr. Wu's conduct represents extreme naivete but not hardened criminality. The government cannot meet its burden on flight and dangerousness in this case. Mr. Wu is a New York City resident who is deeply invested in his business and would not put it at risk.

Pre-Trial Services recommends bail in this case. Mr. Wu is amenable to any set of conditions the Court may impose. The defense requests an order releasing Mr. Wu, or minimally a hearing thereon.

Sincerely,

**JEFFREY CHABROWE, ESQ.**
**LAW OFFICES OF JEFFREY CHABROWE**
521 Fifth Avenue, 17th Floor
New York, NY 10175
(917) 529-3921
*Counsel for Linxin Wu*

cc:     Christian Hines, Esq
        christian.hines@usdoj.gov
        Henry Laurence Ross, Esq.
        henry.ross2@usdoj.gov
        Office of the United States Attorney, SDNY

3